UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

HARRY LEE WILSON,

    Plaintiff,

v.                                      Case No. 3:25-cv-1029-MMH-PDB

IPLAN GROUP CUSTODIAN FBO and
CHARI POULSON,

    Defendants.
_____/

# O R D E R

**THIS CAUSE** is before the Court on the Report and Recommendation (Dkt. No. 5; Report), entered by the Honorable Patricia D. Barksdale, United States Magistrate Judge, on November 3, 2025. In the Report, the Magistrate Judge recommends that this case be dismissed, without prejudice, for lack of subject matter jurisdiction. See Report at 1, 4.

The Court "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b). Pursuant to Rule 72, Federal Rules of Civil Procedure (Rule(s)), the Court "must determine de novo any part of the magistrate judge's disposition that has been properly objected to." See Rule 72(b)(3); see also 28 U.S.C. § 636(b)(1). However, a party waives the right to challenge on appeal any unobjected-to

-1-

factual and legal conclusions. See 11th Cir. R. 3-1.[1] As such, the Court reviews those portions of the Magistrate Judge's findings to which no objection was filed for plain error and only if necessary, in the interests of justice. See id.; see also Thomas v. Arn, 474 U.S. 140, 150 (1985) ("It does not appear that Congress intended to require district court review of a magistrate [judge's] factual or legal conclusions, under a de novo or any other standard, when neither party objects to those findings."); Dupree v. Warden, 715 F.3d 1295, 1304-05 (11th Cir. 2013) (recommending the adoption of what would become 11th Circuit Rule 3-1 so that district courts do not have "to spend significant amounts of time and resources reviewing every issue—whether objected to or not.").

On November 19, 2025, Plaintiff filed his Second Show Cause Order Why This Case Not Be Dismissed (Dkt. No. 6; Objections), which this Court construes as Plaintiff's objections to the Report recommending dismissal of this matter for lack of subject matter jurisdiction. Upon review, the Court finds that the Magistrate Judge has correctly concluded that, in his Complaint, Plaintiff fails to state any claim arising under federal law or to allege any basis for the exercise of subject matter jurisdiction. Notably, before recommending dismissal, the Magistrate Judge entered an Order to Show Cause in which the

---

[1] The Magistrate Judge properly informed the parties of the time period for objecting and the consequences of failing to do so. See Report at 4-5.

Court explained the requirements of diversity jurisdiction and federal question jurisdiction and gave Plaintiff an opportunity to establish the existence of either. <u>See</u> Order (Dkt. No. 3). He failed to do so. In his response to the Order, Plaintiff presents no basis for the exercise of subject matter jurisdiction over his claim. <u>See</u> Plaintiff's Show Cause Order Why Action Civil Case Not To Be Dismissed (Dkt. No. 4). And his Objections do not cure the jurisdictional deficiency. As such, the Complaint is due to be dismissed without prejudice for lack of subject matter jurisdiction, and the Court will accept and adopt the legal and factual conclusions recommended by the Magistrate Judge. Accordingly, it is hereby

**ORDERED:**

1. Plaintiff's Second Show Cause Order Why This Case Not Be Dismissed (Dkt. No. 6), which this Court construes as Plaintiff's objections to the Report, are **OVERRULED**.

2. The Magistrate Judge's Report and Recommendation (Dkt. No. 5) is **ADOPTED** as the opinion of the Court.

3. This case is **DISMISSED without prejudice** for lack of subject matter jurisdiction.

4. The Clerk of Court is directed to enter judgment dismissing this case without prejudice, terminate all pending motions and deadlines as moot, and close the file.

**DONE AND ORDERED** in Jacksonville, Florida, this 9th day of December, 2025.

MARCIA MORALES HOWARD
United States District Judge

ja

Copies to:

Counsel of Record
Pro Se Party